PETITION of WILLIAM J. H. AILMAN and SAMUEL R. HONEY for an Opinion of the Court.

A trustee resident in Newport held in trust mortgages on realty in Newport. The trustee was appointed by a South Carolina court under the will of a deceased resident of that State. The *cestui que trust*, who had the permanency of the income of the trust estate, resided in New York.

Held, under Pub. Stat. R. I. cap. 42, § 12, that the trust estate was properly taxed in Newport to the trustee.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*Providence, May* 2, 1891. STINESS, J. The petitioners concur

in a case stated, from which it appears that Samuel R. Honey is taxed in his capacity of trustee upon property valued by the tax assessors of the city of Newport at nineteen thousand dollars; that said property consists of mortgages upon real estate in said Newport, which run to said trustee; that said trust was constituted under the will of Thomas Ashton Coffin, who, at the time of his decease, was a resident of Charleston, S. C., for the payment of income during life to his son, James E. M. Coffin, who is a resident of the city of New York; that said Honey holds said trust estate as trustee by virtue of a decree of the Court of Common Pleas of said Charleston appointing him a trustee in place of other trustees who had resigned; and that said Honey has given bond to a master of said court for the faithful performance of his trust. Upon these facts the trustee and the collector of taxes of Newport ask whether said tax is lawfully assessed against the trustee, or against the funds in his hands, under Pub. Stat. R. I. cap. 42, § 12, or under any other statute.

That section provides that all personal property held in trust by an executor, administrator, or trustee, the income of which is to be paid to any other person, shall be assessed against the executor, administrator, or trustee, in the town where such other person resides; but if such other person resides out of the State, then in the town where the executor, administrator, or trustee resides.

Taken as it stands, the language of the section is decisive of the case stated, and warrants the taxation of the property held by the trustee, in Newport, where the trustee resides, as the *cestui que trust* is a non-resident. But the trustee contends that such a result is not in consonance with the intent of the section. He claims that it was intended only to relate to the property of a decedent, an inhabitant of this State, for the purpose of settling the right of taxation as between different towns. He argues that this is evidenced by use of the words "executor" and "administrator," since executors and administrators, as such, do not hold property in trust to pay the income thereof to another. It cannot be denied that there is an apparent incongruity in the use of these words, as they occur in the section; and yet the incongruity may be more apparent than real; for frequently duties are imposed upon executors in wills, which are such as properly belong only to trustees;

and such duties might fall to an administrator with the will annexed. *Probate Court of Scituate* v. *Angell*, 14 R. I. 495. An administrator of an intestate estate could have no such duties. But however this may be, the argument remains that the section relates only to property of decedent inhabitants of the State. It is urged, from Pub. Stat. R. I. cap. 41, § 1, making all personal property *belonging* to the inhabitants of the State liable to taxation, cap. 42, § 12, above quoted, and § 13, requiring all other personal property in the hands of executors or administrators to be taxed in the town where the deceased person resided, that " it is personal property of decedents, only, which is the subject of the legislation, and that section 13 sufficiently indicates that the estates aimed at in both sections are *Rhode Island* decedents ; inasmuch as it designates the town in which the decedent resided as the place of taxation, when the tests prescribed by section 12 fail." It is thus claimed that the statute relates to property in the course of administration, and to property where the beneficial owner lives in this State, rather than to property generally, as the subject of taxation, when only the holder of the legal title is a resident of the State. If the language of the section were not so explicit as it is, we might resort to other parts of the statute to evolve its meaning. Whatever the argument might be with reference to executors and administrators, the statute says, in plain terms, that property held by a trustee, to pay the income thereof to a person who does not live in this State, shall be assessed against the trustee in the town where he resides. This cannot possibly be held to relate to property in the course of administration ; nor can it be held to relate only to property whose beneficial owners are residents of the State, for it expressly states the contrary. If it be thus liable to double taxation, here and elsewhere, that has to do with the policy of the law, over which we have no control. But, aside from the lack of ambiguity in the language of the statute, the principle upon which it is founded is in harmony with a policy of taxation which has been recognized and adopted in other States.

There is no question of the right of the State to put all property within its jurisdiction under contribution for necessary revenue. Pub. Stat. R. I. cap. 42, § 10, embraces debts due from solvent

persons as personal property for purposes of taxation.  In *Catlin* v. *Hull*, 21 Vt. 152, the mere presence of such property, in the form of notes of debtors living in Vermont, was held to be sufficient to make it liable to taxation, although the legal and beneficial owner lived out of the State.  In the case before us, the legal owner resides here, and he has invested a part of his trust estate here; so that the *situs* of the property is doubly fixed.  The fact that the authority of the trustee comes from another State does not change the fact of his residence and legal title within this State; nor the fact that the property taxed is here, by reason of its investment in loans secured by mortgages within this State, which run to the trustee.  Other States have provisions almost identical with the statute in question, *e. g.*, Massachusetts and Vermont, under which the general right of the State to tax the trustee at his place of residence, when both he and the beneficial owner are not residents of the same State, has been upheld.  Thus, in *Dorr* v. *City of Boston*, 6 Gray, 131, a case which arose conversely to the case at bar, the *cestui que trust*, a resident of Massachusetts, was assessed for taxes upon property held by a non-resident trustee, and the court held the tax to be unlawful.

In *Lewis* v. *The County of Chester*, 60 Pa. St. 325, a trustee under a will proved in New York was held liable to taxation in Pennsylvania at her domicil, for so much of the trust estate as had been brought into the State and there invested in mortgage securities.

In *Latrobe, Trustee*, v. *Mayor & C. C. of Baltimore*, 19 Md. 13, it was held that mortgages on real estate in Baltimore were taxable to the trustee at his place of residence, and not to the *cestui que trust*, who resided in Baltimore, upon the ground that the legal title in the trustee had all the incidents and obligations of an absolute title, subject only to the claims in equity of the *cestui que trust*.  This is the principle which underlies our statute: that the trustee is treated as owner, with the subsequent incidents of ownership; for the property is to be taxed to him.  For some reason, if the *cestui que trust* lives in this State, a special direction is given that it shall still be taxed to the trustee, but in the town where the former resides.  To this extent it is an exception to the general rule, but there are doubtless reasons for it.  Possibly it is to help

the *cestui* to a better knowledge of the tax and whether it is paid, in order to enable him to protect the property, if the trustee should be remiss. Or it may be considered that assessors of the town where the *cestui* lives, seeing his manner of life and judging therefrom his probable income, can better estimate the value of the property from which the income is derived. At any rate, the taxation of the property to the trustee, wherever the *cestui que trust* may live, is clearly brought out in the provisions of our statute.

In *Appeal Tax Court* v. *Gill*, 50 Md. 377, trustees of bonds of a railroad company, two of whom lived in Maryland and one in New York, were held to be liable to taxation in Maryland on two thirds of the amount of the bonds.

In *People* v. *The Assessors of Albany*, 40 N. Y. 154, where a fund, created and owned by a corporation of another State, was held and controlled by trustees residing in New York, it was held that the trustees were assessable in New York for the amount of the fund over and above the indebtedness of the corporation.

There seems to have been substantial uniformity in holding a trustee liable to taxation for property held by him within the State in which the tax is assessed, and our statute in question is in line with such a practice. Our opinion, therefore, is, that the tax described in the case stated was legally assessed against the trustee.

*Francis B. Peckham*, for Ailman.

*Samuel R. Honey*, *pro se ipso.*